**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MARVIN HIGHTOWER SR.,**
**AS NEXT FRIEND OF M.H., A MINOR**

    **Plaintiffs,**

    **v.**                                    **CIVIL ACTION NO.** 3:20-cv-187-DPJ-FKB

**CLINTON PUBLIC SCHOOL DISTRICT**

    **Defendants**

## COMPLAINT FOR INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT

    **COME NOW,** Plaintiffs,  MARVIN HIGHTOWER, SR., as next friend of M. H., a minor, by and through counsel, to file this, their **COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT,** pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure, and in support thereof, Plaintiffs would show unto the Court, the following:

## INTRODUCTION

1. This is an action by an elementary school student and his father against Clinton Public School District ("District") for violating their due process rights as protected by the Fourteenth Amendment to the United States Constitution and Miss. Code Ann. §37-9-71. On January 30, 2020, Marvin allegedly struck a child who was pushing him and urging him to go down the slide on the playground. After this incident, the District remanded Marvin to alternative school for forty-five days. However, in doing so, Marvin's parents were not given the proper notice for his due process hearing, were not properly notified of the charges against him, and were not provided with records beforehand. Alternatively,

even if the Court determines these procedures were met, Marvin and his parents were not made aware of the appropriate standard of proof at the beginning of the process. Furthermore, no alternative school provision is included in the District's handbook. Therefore, the District and Superintendent violated Mr. Hightower and M.H.'s due process rights under the Fourteenth Amendment and Miss. Code Ann. §37-9-71.

## JURISDICTION AND VENUE

2.  This action seeks to vindicate rights protected by Fourteenth Amendments to the United States Constitution and is brought under 42 U.S.C. §1983. The Court has jurisdiction over this civil rights action pursuant to 28 U.S.C. §1331 and §1343(a)(3) and (4). This Court has supplemental jurisdiction over Plaintiff's state law claim Under 28 U.S.C.§1367(a). This Court has jurisdiction pursuant to 28 U.S.C. §§2201 and 2202 to declare the rights of the parties and to grant all further relief found necessary and proper.

3.  Venue is proper in this Court under either § 1391 (b)(1) or (b)(3) and its sister subsections (c)(1) and (c)(2), respectively; because the District is located in the State of Mississippi, venue is proper, because all are residents of the State of Mississippi, and the locus of contacts occurred within this State, this Court has personal jurisdiction over the District.

## PARTIES

4.  Plaintiff, Marvin Hightower Sr., is the father of M. H., and is an adult citizen who resides at 1215 Manchester Drive, Clinton, MS 39056.

5.  Plaintiff, M.H., is a five-year-old male kindergarten student who attends Clinton Park Elementary School and resides at1215 Manchester Drive, Clinton, MS 39056.

6. Defendant, Clinton Public School District ("District"), is a political subdivision of the state of Mississippi. The Board maintains its administrative office at 201 Easthaven Drive, Clinton, MS 39060. The District may be served with process upon its Superintendent, Dr. Tim Martin.

## FACTS

7. This matter arises out of an incident occurring on January 30, 2020.  On that day, M.H. reportedly struck another student in response to that student pushing Marvin three times and urging Marvin to go down the slide on the playground.  A school discipline report was completed, and Marvin was subsequently recommended for a placement of 45 days in alternative school.

8. M.H.'s parents requested an appeal of the disciplinary decision, which the school granted and set for February 11, 2020. However, no Manifestation Determination Review (MDR), as required under the federal Individual with Disabilities in Education Act (IDEA), was conducted prior to that meeting. In fact, counsel for the District contacted counsel for the student and parents and stated that the District would move forward with the appeal as scheduled and conduct an MDR at a later time *after* the disciplinary recommendation and appeal. In that same phone call, counsel for the District informed counsel for the parents and student that a remand to alternative school was not subject to a § 37-9-71 due process hearing since it was a "change of placement" and not a suspension over ten (10) days.

9. On February 11, 2020, the Board held a hearing to discuss the remand to alternative school. Prior to this hearing Mr. Hightower was not provided with a complete record of Marvin's disciplinary history.

10. At the February 11th meeting, the Board informed Marvin and Mr. Hightower that the proceeding was their due process hearing. The Board also stated that the basis for alternative school placement was a combination of all his previous disciplinary infractions for which he had already received punishment.

11. At the time, and to this date, neither Clinton Park Elementary School nor the District have distributed a handbook with a policy that promulgates the District's ability to remand students to alternative school nor included the statutory requirements for placement in alternative school pursuant to Miss. Code Ann. § 37-13-92.

12. After the February 11th appeal, the District attempted to schedule an MDR with M.H.'s parents with less than seven-day notice and never informed parents' counsel. While the parents could not attend the day requested by the District, an MDR meeting was set for February 18th. The counsel for the parents and student attended that meeting under the impression that it was to conduct an MDR. However, upon arrival, the District informed counsel that they had "completed" the MDR, without the parents or their counsel present, and informed them the meeting was simply to discuss their finding that the behavior was not a manifestation of M.H.'s disability. These were clear violations of IDEA.

13. Furthermore, prior to the decision to remand M.H. to alternative school, the District had reevaluated M.H.'s IEP and determined that he may have alternative eligibility categories. Therefore, the District's determination that M.H.'s behavior was not a manifestation of his disability was made within the 60-day period to revise M.H.'s IEP, providing the "failure to implement the IEP" exception under IDEA prohibiting a remand to alternative school.

## CLAIMS

**Count 1: Marvin and his parents were not given proper due process in accordance with the Fourteenth Amendment throughout the disciplinary matter.**

14. In *Goss v. Lopez*, the Supreme Court established that when a student is removed from the school for more than ten days, that student has the right to more extensive and formal due process proceedings. *Goss v. Lopez*, 419 U.S. 565, 584. These proceedings must include a minimal requirement that the party has effective notice of the hearing, notice of the charges presented against the student, and notice of the evidence supporting those charges. *Id.* at 566. Only with these protections is the student afforded adequate procedural due process rights that allow him to confront the charges and evidence presented against him.

15. Here, M.H.'s parents were notified that M.H. was to be remanded to alternative school for forty-five days on January 30, 2020. With this being a change in school placement, based on a disciplinary infraction, for over ten days, M.H. was entitled to a formal due process hearing. However, Defendants failed to provide this due process hearing since: (1) Plaintiffs never received proper notice; (2) Plaintiffs did not have the opportunity to present evidence and examine witnesses; and (3) neither the District's handbook nor appeal board articulated any constitutionally permissible standard of proof.

**A. The District failed to provide Plaintiffs with proper notice.**

16. Defendant failed to provide the Plaintiffs with the requisite notice for two reasons. First, notice was improper because Plaintiffs were not notified of the correct disciplinary infraction prior to the board appeal. Mr. Hightower was notified that the forty-five-day remand was based on the single incident of M.H. striking a child on the playground. However, once at the appeal, the Board asserted that the basis for the remand was

actually a combination of all his previous disciplinary incidents of disruption, for which

he had already received punishment. Therefore, Mr. Hightower was not properly notified

of the charges he would be defending against.

17. Secondly, Plaintiffs did not receive proper notice because the District's handbook, which

serves as notice for potential punishments, failed to promulgate a policy through which a

fight, or the combination of multiple disciplinary infractions, could result in an alternative

school remand. Clinton Park Elementary School's Handbook, the only handbook

distributed to Mr. Hightower, does not include a provision for remand to alternative

school. Consequently, Mr. Hightower could not have received proper notice of the

potential for M.H. to be placed in alternative school. Therefore, Plaintiffs were not

properly notified of the charges presented against them or the potential punishments and,

thereby, were subjected to a violation of their due process rights.

**B. The District deprived Plaintiffs of the opportunity to present evidence or call and confront witnesses.**

18. As to Plaintiffs' right to confront and dispute the evidence and witnesses supporting those

charges, counsel for the Plaintiffs requested M.H.'s records, including those disciplinary

records asserted as the basis for the alternative school placement, prior to the Board

appeal. However, Plaintiffs were not provided with M.H.'s school records until after the

board appeal. This allotted no time to gather disputed evidence or prepare to call

witnesses. Furthermore, none of the District's witnesses were in attendance to confront at

the board appeal. Therefore, the lack of opportunity to review M.H.'s records a

reasonable time before the appeal and lack of witnesses at the appeal make it clear that

the board appeal simply could not have qualified as a constitutionally permissible due

process hearing.

**C. Even if the District provided proper notice and opportunity to be heard, the District failed to articulate a standard of proof prior to due process proceedings.**

19. Alternatively, even to the extent that this Court determines the District (1) provided Plaintiffs with a sufficient hearing that satisfied Board members and the Superintendent's, in their individual capacities, constitutionally-recognized responsibilities under the Due Process Clause, and (2) provided proper notice of the same, all of which is vehemently disputed by Plaintiffs, Defendants nonetheless never defined the standard of proof, which is necessary under the Due Process Clause.

20. "The function of a standard of proof as that concept is embodied in the Due Process Clause and in the realm of fact-finding, is to "instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication." *In re Winship,* 397 U.S. 358, 370 (1970) (Harlan, J., concurring). The standard serves to allocate the risk of error between the litigants and to indicate the relative importance attached to the ultimate decision." *Addington v. Texas*, 441 U.S. 418, 423, 99 S. Ct. 1804, 1808, 60 L. Ed. 2d 323, 329, 1979 U.S. LEXIS 93, *10-11 (U.S. 1979)(civil commitment requires clear and convincing evidence).

21. The standard of proof is critical to providing the protection required by the Due Process Clause. Consequently, the Supreme Court has held that the standard of proof to be applied in a given proceeding must be established in advance:"

> Standards of proof, like other "procedural due process rules[,] are shaped by the risk of error inherent in the truth-finding process as applied to the *generality of cases,* not the rare exceptions." *Mathevvs v. Eldridge ,* 424 U.S., at 344 (emphasis added). Since the litigants and the factfinder **must know at the outset** of a given proceeding how the risk of error will be allocated, **the standard of proof necessarily must be calibrated in**

> **advance.** Retrospective case-by-case review cannot preserve fundamental
> fairness when a class of proceedings is governed by a constitutionally
> defective evidentiary standard."

*Santosky v. Kramer,* 455 U.S. 745, at 757 (1982) (emphasis added) (holding termination
of parental rights requires clear and convincing evidence standard); *See also Natural
Father v. United Methodist Children 's Home ,* 418 So.2d 807, 810 (Miss. 1982)
(following *Santosky, supra* and holding preponderance of the evidence standard
inadequate to terminate parental rights even where authorized by statute.).

22. Thus, Defendants were required to establish the standard of proof "at the outset" of what

they assert were due process proceedings. Absent a standard of proof promulgated in

advance of the board appeal, Plaintiffs could not know how the risk of error was to be

allocated, and Plaintiffs were necessarily denied due process and unduly prejudiced

thereby. Indeed, absent such a standard, even "retrospective case by case review cannot

preserve fundamental fairness." *Santosky, supra.* To reach the conclusion that Plaintiffs

were denied due process, and that they will be denied due process going forward, we do

not need to decide the appropriate standard of proof. It is sufficient to determine that

Defendants have not promulgated one.

23. The standard of proof in this case was not articulated in the handbook. Accordingly, this

Court should declare that the failure to have established a standard of proof in advance of

what they assert to be the hearing deprived Plaintiffs of due process.

**Count 2: Marvin should be granted injunctive relief because the District failed to provide a
due process hearing in compliance with Miss. Code. Ann. § 37-9-71.**

24.   In accordance with §37-9-71, a superintendent may remove a student from the

traditional school setting for any reason set forth in the school district's regulation or

policy. Miss. Code. Ann. §37-9-71. Upon the determination that such change of

placement is necessary, the parent or guardian of the child shall be advised of their right

to a due process hearing. *Id.* Furthermore, the same must be provided the proper form to

request such hearing. *Id.* These due process provisions apply to recommendations for expulsion as well as alternative school placement.

25. Defendants failed to provide a due process hearing: (1) by failing to have a due process hearing where evidence could be presented and witnesses by the District be cross-examined; and (2) because the District does not include a student's rights to a due process hearing under Miss. Code Ann. § 37-9-71 in their handbook.

**A. The District failed to provide Plaintiffs with procedural due process rights.**

26. The District violated Plaintiffs' procedural due process rights by failing to provide an opportunity to confront and dispute the evidence and witnesses supporting the charges. Counsel for the Plaintiffs requested M.H.'s records, including those disciplinary records asserted as the basis for the remand, prior to the board appeal. However, Plaintiffs were not provided with M.H.'s school records until after the board appeal. This allotted no time to gather disputed evidence or prepare to call and confront witnesses. Furthermore, none of the District's witnesses attended the board appeal. Therefore, the lack of opportunity to review M.H.'s records a reasonable time before the appeal and lack of witnesses at the appeal make it clear that the board appeal simply could not have constituted a constitutionally permissible due process hearing.

**B. The District handbook does not articulate the right to a hearing under §37-9-71.**

27. The District's handbook does not include a student's rights to a due process hearing under § 37-9-71. This prevents parents and students from knowing they have the ability to express that right and everything that the right entails. Furthermore, as seen in Exhibit 1, Clinton Park Elementary School's handbook, the only handbook distributed to Mr. Hightower, does not include the statutory provisions necessary for a policy that allows

remand to alternative school. Therefore, Mr. Hightower could not have been fully aware of his rights to a due process hearing under §37-9-71. For these reasons, the Defendants failed to satisfy the statutory requirements of due process.

**Count 3: The District should be enjoined from remanding M.H., and other students, to alternative school without the requisite due process.**

28. M.H. has been wrongfully deprived of his due process rights to a disciplinary proceeding in violation of the 14th Amendment to the United Stations Constitution and Mississippi's statutory provision of § 37-9-71.

29. As demonstrated by this action, Defendant's handbook has denied and continues to deny parents and students those same constitutional and statutory rights.

30. As set forth above, Defendant asserts that there is a likelihood of success, that entry of an injunction will prevent irreparable harm to M.H. and other students, that the benefit to the Plaintiffs far outweighs any potential harm to the Defendant, and that the entry of an injunction is in the public interest.

31. Therefore, the Defendant should be temporarily, preliminarily, and permanently enjoined from denying M.H. entry to the regular school setting without due process. Accordingly, he should be reinstated immediately. Moreover, Defendant should be temporarily, preliminarily, and permanently enjoined from continuing to deny parents and students their constitutional and statutory rights. Defendant should also revise its handbook to reflect the right to have the assistance of counsel, to cross-examine witnesses, and have a standard of proof in expulsion hearings before the school board and/or its committees.

## CONCLUSION

32. In all, M.H. and Mr. Hightower were denied due process during the disciplinary proceedings against M.H. in violation of their Constitutional and statutory due process

rights. This grievance should invalidate the District's decision to uphold an alternative

school placement punishment.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, MARVIN HIGHTOWER, SR.

as Next Friend of M.H., a minor, pray that this Honorable Court:

1. Order a speedy hearing of a declaratory-judgment action under Rule 57.

2. Order to expedite the preliminary-injunction hearing under Rule 65.

3. Require the District to include in their handbook a student's due process rights
   under Miss. Code Ann. § 37-9-71.

4. Require the District to provide compensatory educational services to remedy
   M.H.'s loss of class time and instruction.

5. Enjoin the District from expelling or remanding any student to alternative school
   until their constitutionally impermissible policy be updated to include the option of
   alternative school placement.

6. Provide any other relief that the Court deems just and fair.

Respectfully submitted**,** this 19th day of March, 2020.

> **MARVIN HIGHTOWER, SR., as Next Friend of
> M.H, a Minor, PLAINTIFFS**
>
> By:   ___/s/ *Julian D. Miller*_____
> JULIAN D. MILLER, MSB#104377
> AHMAD R. SMITH, MSB#104595
> FORMAN WATKINS & KRUTZ LLP
> 210 EAST CAPITOL STREET
> SUITE 2200
> JACKSON, MS 39201
> TELEPHONE: (601) 960-8601
> FACSIMILE: (601) 960-8610
> Julian.Miller@formanwatkins.com